**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CHERI LYNN ALBRIGHT, | ) | CASE NO:    06 B 00999 |
| | ) | |
| | ) | HONORABLE. PAMELA S. HOLLIS |
| DEBTOR. | ) | U.S. BANKRUPTCY JUDGE |
| | ) | |
| | ) | |

**FIRST AND FINAL APPLICATION OF COUNSEL**
**FOR THE TRUSTEE FOR COMPENSATION**

The law firm of Shefsky & Froelich Ltd., as Counsel for the Trustee ("Applicant"), in

support of its Final Application for Compensation pursuant to 11 U.S.C. §§ 330 and 327 and

Federal Rule of Bankruptcy Procedure 2016, respectfully states as follows:

## I. INTRODUCTION

This Application is the first and final Application filed by Applicant as counsel for the

Trustee as to the above-referenced case and is for the period of time between August 1, 2006 and

April 6, 2010 (hereinafter referred to as the "Application Period"), inclusive.

On February 6, 2006, Debtor, Cheri Lynn Albright ("Debtor"), filed for voluntary relief

under Chapter 7 of the United States Bankruptcy Code. Shortly thereafter, Karen R. Goodman

was appointed Trustee of this Estate.

On September 7, 2006, this Court entered an Order (the "Order") authorizing the

retention of Applicant as counsel for the Trustee, retroactive to August 1, 2006. The Order

further provided that the compensation and reimbursement of Applicant's fees and expenses

would remain subject to the jurisdiction and approval of this Court.

In her Schedules, Debtor listed an interest in the property located at 18260 Ada Street,

Lansing, Illinois ("Property") as an asset of her Estate. At the first meeting of creditors, the

Debtor testified that she no long resided in the Property, which was still occupied by her ex-husband who was a joint owner of the Property, and who had filed his own Chapter 7 case. The Trustee was eventually appointed Trustee in the case of Bryan D. Albright, Case No. 06 B 01437. After conducting an investigation regarding the value of and the debt on the Property, the Trustee determined that there was likely to be equity in the Property for Debtor's Estate.

The Trustee retained Applicant to assist in the sale of Property, which appeared to be the only asset of the Estate.

Applicant assisted the Trustee in negotiating with and obtaining a real estate broker to sell the Property. Applicant negotiated the contract with the broker, and drafted and presented the motion to retain the broker.

After the broker obtained an offer on the Property which the Trustee deemed appropriate to recommend to the Court, Applicant negotiated the contract with the purchaser's attorney and drafted and presented the motion to sell the Property to the Court. The Court approved the sale of the Property and Applicant provided the legal services necessary to close on the sale of the Property. It was also necessary for Applicant to file a pleading to extend the effective date of relief from the automatic stay requested by the second mortgage holder to enable the Trustee to sell the Property.

Applicant also reviewed claims for the purpose of determining whether any claims were objectionable, eventually determining that one claim would require an objection. An objection was filed to the claim of the second mortgage holder, which had been paid in full at closing. After a hearing on the objection, the Court entered an order disallowing the claim.

Although Applicant's time spent in this case calculated at its customary rates value would result in a compensation request of $7,665.00, in order to produce a more significant distribution to creditors, Applicant will voluntarily reduce its request for compensation to $4,000.00.

Applicant requests $4,000.00 as compensation for 24.2 hours of services performed, all as actually and reasonably were provided by Applicant during the Application Period.

## II. LEGAL SERVICES PROVIDED

For ease of reference in this Application, Applicant has created categories of legal service or areas of performance. Each category contains a narrative of the matters involved, a general description of tasks performed, and the result achieved or benefit to the Estate, all as set forth in In re Continental Illinois Securities Litigation, 572 F.Supp. 931 (N.D. Ill. 1983). Attached hereto and incorporated herein as Exhibit "A" are the detailed time records of Applicant, separated by category of service rendered. The legal services performed by Applicant as described in Exhibit "A" attached hereto are set forth to meet the enumerated criteria of In re Wildman, 73 B.R. 700 (Bankr. N.D. Ill. 1987) and In re Pettibone Corporation, 74 B.R. 293 (Bankr. N.D. Ill. 1987). The major categories of activities in which Applicant was engaged and/or participated were:

A.    Activities Related to Sale of Assets

B.    Activities Related to Professionals

C.    Activities Related to Automatic Stay

D.    Activities Related to Objections to Claims

Applicant submits that the efforts put forth amply support the allowance of the compensation requested herein. The services rendered by Applicant in these regards, separated by category, are as follows:

3

A.   **ACTIVITIES RELATED TO SALE OF ASSETS**

Applicant investigated the value of Property, negotiated with the real estate broker to sell the Property at a discounted commission rate of five percent (5%) and revised the standard listing contract, drafted the Property Sales Contract after obtaining an offer to purchase acceptable to the Trustee, prepared closing documents and attended the closing of the Property.

**BENEFIT TO THE ESTATE**

Applicant's efforts in this category efficiently and successfully resulted in the Estate receiving the greatest possible sale price for the Property, the proceeds of which funded the Estate.

**Summary**

**Total Hours & Fees for Category**

| | | | |
|---|---|---|---|
| KRG | Karen R. Goodman | 4.50 hours @ $360/hr | $1,620.00 |
| PDF | Paul D. Fischer | 9.50 hours @ $260/hr | $2,470.00 |
| SAH | Sherry Hojnacki | .90 hours @ $125/hr | $  112.50 |

B.   **ACTIVITIES RELATED TO PROFESSIONALS**

This category sets forth Applicant's efforts regarding the Trustee's retention of Applicant, the real estate broker and the accountants for the Estate.

**BENEFIT TO THE ESTATE**

As a result of your Applicant's efforts in this regard, the professionals employed by the Trustee in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules, as they are implemented within this jurisdiction, have greatly assisted in the administration of this Estate as well as the investigation, acquisition and analysis of information, data and Estate property.

4

### Summary

### Total Hours & Fees for Category

| KRG | Karen R. Goodman | 2.80 hours @ $360/hr | $1,008.00 |
|-----|------------------|----------------------|-----------|
| KRG | Karen R. Goodman | 2.00 hours @ $380/hr | $ 760.00 |
| KRG | Karen R. Goodman | 1.00 hours @ $390/hr | $ 390.00 |

## C.   ACTIVITIES RELATED TO AUTOMATIC STAY

Due to the filing of a Motion for Relief from the Automatic Stay by the second mortgage holder on the Property, which was granted with a future effective date, it was necessary for applicant to prepare and file a Motion to Extend the Effective Date and two Stipulations to Extend the Effective Date.

### BENEFIT TO THE ESTATE

As the result of Applicant's efforts, the automatic stay remained intact, allowing the Trustee to continue her efforts to sell the Property, which eventually occurred.

### Summary

### Total Hours & Fees for Category

| KRG | Karen R. Goodman | 2.00 hours @ $360/hr | $720.00 |
|-----|------------------|----------------------|---------|

## D.   ACTIVITIES RELATED TO OBJECTIONS TO CLAIMS

After investigation of the claims in detail, the Trustee determined that only the claim of the second mortgage holder was objectionable since it had been paid in full at the closing on the Property. Accordingly, Applicant filed an objection to the claim, which was disallowed by the Court.

### BENEFIT TO THE ESTATE

Applicant's efforts in this category resulted in the appropriate distribution to creditors.

5

<u>**Summary**</u>

**Total Hours & Fees for Category**

KRG          Karen R. Goodman          1.50 hours @ $390/hr          $585.00

### III. <u>PROFESSIONALS EMPLOYED</u>

Applicant provided the collective skill and experience of the following attorneys and paralegals on behalf of the Trustee:

### <u>KAREN R. GOODMAN</u>

**KAREN R. GOODMAN (KRG)** is a 1977 graduate of Loyola University School of Law and a partner in the law firm of Hinshaw & Culbertson. Ms. Goodman regularly represents Creditors, Creditors' Committees, Trustees and other parties before the Bankruptcy Court and handles litigation of other commercial matters in Federal and State Court. She is a member of the Federal Trial Bar, the Illinois and Chicago Bar Associations, the Chicago Bar Association Bankruptcy and Reorganization Committee and the Commercial Law League of America. Ms. Goodman has been a member of the Panel of the Chapter 7 Trustees of the Northern District of Illinois since 1989.

### <u>PAUL D. FISCHER</u>

**PAUL D. FISCHER (PDF)** is a 1967 graduate of Loyola University School of Law. Mr. Fischer's real estate practice emphasizes secured real estate and consumer lending transactions and the purchase and sale of residential real estate.

### <u>SHERRY A. HOJNACKI</u>

**SHERRY A. HOJNACKI (SAH)** joined Shefsky & Froelich as a Commercial Real Estate Paralegal in 2005. Ms. Hojnacki has 15 years of experience working in Real Estate. Sherry graduated from Northern Illinois University in 1995 with a Bachelor of Arts Degree in Education.

6

## IV. APPLICANT'S STATEMENT PURSUANT TO 11 U.S.C. §329, §504 AND BANKRUPTCY RULE 2016

Except with respect to the sharing of compensation authorized under §505(b) of the Bankruptcy Code, Applicant has not shared or agreed to share any award of fees received in connection with this case with any person, firm or entity. There does not exists any agreement or understanding between Applicant, associates or employees and any other person, firm or entity with respect to the sharing of compensation herein. No agreements or understanding exist regarding compensation with any person, firm or entity.

## V. STANDARDS FOR REVIEW OF APPLICATION

Every effort has been made to prepare this Application in accordance with the guidelines established in the cases of In re Continental Securities Litigation, 572 F.Supp. 932 (N.D. Ill. 1983), In re Wildman, 72 B.R. 700 (Bankr. N.D. Ill. 1987), and In re Pettibone Corp., 74 B.R. 293 (Bankr. N.D. Ill. 1987). While the Court has wide discretion in reviewing a fee application, such authority must be dispensed with great care and fairness, In re Wildman, 72 B.R. at 705, while keeping in mind that the well-accepted goal is to encourage and induce capable attorneys to practice in the Bankruptcy Court. In re Pettibone. 74 B.R. at 306. Moreover, the Court should focus on the benefits to the estate and the quality of the performance of counsel in the context of the case as a whole. See, In re Boston & Marine Corporation. 726 F. 2d 2 (1st Cir. 1985).

Applicant further suggests that the Application should be viewed within the context of being presented by and on behalf of counsel for a Trustee who have provided value and a benefit to this Estate by their independence and presence in the case.

Applicant does not apply a uniform amount of time to a particular activity. The time entries listed in Exhibit A have been kept on a tenth (1/10) of an hour basis and reflect actual time spent by the attorney to whom the time is attributed. The Court, however, should be

7

sensitive to the reality that sometimes bankruptcy cases do not lend themselves to meticulous timekeeping. Often times an attorney's need to concentrate, the press of time, and the emotion and energy involved interferes with timekeeping and exacting detail. Although great care has been utilized to keep accurate time, the Court should focus on the great benefit to the estate accomplished by the services performed by Applicant in the context of the entire case. In re Boston & Marine Corp., 726 F.2d at 10.

Applicant has further endeavored to avoid grouping a number of unrelated activities into the same time entry. The Court should, however, acknowledge that in a case involving various complex issues, such as those presented in this case, meetings and telephone conferences will involve the discussions of numerous topics and several telephone calls may be made to a number of parties in rapid succession on one or more topics. The entries elaborated describe each activity, and in many cases, the necessity thereof. Such grouping is unavoidable to a certain extent, but the informative explanation contained in Exhibit A serves to further describe and delineate the time spent.

## VI. CONCLUSION AND REQUEST FOR ALLOWANCE AND PAYMENT OF COMPENSATION

For the above and foregoing reasons, and in consideration of the time and labor required and performed in this case; the novelty and difficulty of the matters herein; the skill required to properly and efficiently perform the legal services outlined above; the customary fees involved in comparable cases; the experience, reputation and ability of Applicant and especially in light of the results achieved, Applicant respectfully requests the attorneys fees in the reduced amount of $4,000.00 be determined reasonable and justified, that the fees requested be allowed and payment thereof be made forthwith.

WHEREFORE, Applicant respectfully prays that it be awarded reasonable compensation of $4,000.00 for legal services rendered in this case and for such further relief as this Court may deem just.

Respectfully submitted,

SHEFSKY & FROELICH

By:  /s/ Karen R. Goodman
One of its Attorneys

Karen R. Goodman (#1008242)
SHEFSKY & FROELICH LTD
111 South Wacker Drive, Suite 2800
Chicago, Illinois 60601-3713
(312) 524-4000

1146364_1

**LEGAL SERVICES OF SHEFSKY & FROELICH LTD. AS ATTORNEY FOR TRUSTEE
IN RE CHERI LYNN ALBRIGHT
CASE NO.: 06 B 00999**

### ACTIVITIES RELATED TO SALE OF ASSETS

| DATE | ATTY | ACTIVITY | TIME | RATE | TIME VALUE |
|---|---|---|---|---|---|
| 08/01/06 | KRG | PREPARATION OF AFFIDAVIT FOR MS. TOUZALIN REGARDING MOTION TO RETAIN HER SERVICES; | .30 | 360 | $ 108.00 |
| 08/30/06 | KRG | REVIEW AND REVISE LISTING CONTRACT FROM MS. TOUZALIN; E-MAIL TO MS. TOUZALIN REGARDING REVISIONS; COMPLETE MOTIONS TO RETAIN REAL ESTATE BROKER. | .70 | 360 | 252.00 |
| 10/24/06 | KRG | PREPARE MOTION TO SELL PROPERTY | 2.00 | 360 | 720.00 |
| 11/07/06 | KRG | COURT APPEARANCE REGARDING MOTION TO SELL RESIDENCE. | 1.50 | 360 | 540.00 |
| 11/17/06 | PDF | TELEPHONE CALLS AND CORRESPONDENCE WITH ATTORNEY FOR LENDER IN MORTGAGE FORECLOSURE. | .70 | 260 | 182.00 |
| 11/21/06 | PDF | TELEPHONE CALLS TO AND FROM THE COLLECTION DEPARTMENT OF THE MORTGAGE FORECLOSURE LENDER. | .80 | 260 | 208.00 |
| 11/21/06 | PDF | PREPARATION OF CLOSING AND CONVEYANCE DOCUMENTS. | 2.50 | 260 | 650.00 |
| 11/22/06 | PDF | ATTENDANCE AT CLOSING. | 2.50 | 260 | 650.00 |
| 12/11/06 | PDF | PREPARATION OF CLOSING AND CONVEYANCE DOCUMENTS; ATTENTION TO TITLE INDEMNITY FOR MORTGAGE FORECLOSURE | 3.00 | 260 | 780.00 |
| 12/11/06 | SAH | MET WITH CHICAGO TITLE TO OBTAIN CLOSING PROCEEDS FROM THE CLOSING. | .90 | 125 | 112.50 |

Recap of Time for Task:

| | | | TIME | RATE | TIME VALUE |
|---|---|---|---|---|---|
| **KRG** | **KAREN R. GOODMAN** | | **4.50** | **360** | **$1,620.00** |
| **PDF** | **PAUL D. FISCHER** | | **9.50** | **260** | **2,470.00** |
| **SAH** | **SHERRY HOJNACKI** | | **.90** | **125** | **112.50** |
| | | **TOTAL TIME VALUE FOR TASK:** | **14.90** | **Hours** | **$4,202.50** |

### ACTIVITIES RELATED TO PROFESSIONALS

| DATE | ATTY | ACTIVITY | TIME | RATE | TIME VALUE |
|---|---|---|---|---|---|
| 08/17/06 | KRG | DRAFT MOTIONS TO RETAIN BROKER AND TRUSTEE'S COUNSEL. | 1.80 | 360 | $ 648.00 |
| 09/07/06 | KRG | COURT APPEARANCE RE MOTIONS TO | 1.00 | 360 | 360.00 |

RETAIN BROKER AND TRUSTEE'S COUNSEL

| | | | | | |
|---|---|---|---|---|---|
| 03/08/07 | KRG | DRAFT MOTION TO EMPLOY ACCOUNTANT | .50 | 380 | 190.00 |
| 03/15/07 | KRG | COURT APPEARANCE RE MOTION TO RETAIN ACCOUNTANT | 1.50 | 380 | 570.00 |
| 03/11/10 | KRG | PREPARATION OF APPLICATION FOR COMPENSATION FOR TRUSTEE'S COUNSEL | 1.00 | 390 | 390.00 |

Recap of Time for Task:

| | | | | | |
|---|---|---|---|---|---|
| **KRG** | **KAREN R. GOODMAN** | | **2.80** | **360** | **$1,008.00** |
| **KRG** | **KAREN R. GOODMAN** | | **2.00** | **380** | **760.00** |
| **KRG** | **KAREN R. GOODMAN** | | **1.00** | **390** | **390.00** |
| | **TOTAL TIME VALUE FOR TASK:** | | **5.80** | **Hours** | **$2,158.00** |

### ACTIVITIES RELATED TO AUTOMATIC STAY

| | | | | | |
|---|---|---|---|---|---|
| 05/09/06 | KRG | PREPARATION OF MOTION TO EXTEND EFFECTIVE DATE OF RELIEF FROM AUTOMATIC STAY | 1.20 | 360 | $ 432.00 |
| 06/23/06 | KRG | PREPARATION OF STIPULATION EXTENDING EFFECTIVE DATE | .60 | 360 | 216.00 |
| 08/21/06 | KRG | PREPARATION OF STIPULATION EXTENDING EFFECTIVE DATE OF ORDER LIFTING STAY | .20 | 360 | 72.00 |

Recap of Time for Task:

| | | | | | |
|---|---|---|---|---|---|
| **KRG** | **KAREN R. GOODMAN** | | **2.00** | **360** | **$ 720.00** |
| | **TOTAL TIME VALUE FOR TASK:** | | **2.00** | **360** | **$ 720.00** |

### ACTIVITIES RELATED TO OBJECTIONS TO CLAIMS

| | | | | | |
|---|---|---|---|---|---|
| 02/24/10 | KRG | PREPARATION OF OBJECTION TO CLAIM OF WEST COAST REALTY | .50 | 390 | $ 195.00 |
| 046/06/10 | KRG | COURT APPEARANCE RE OBJECTION OF CLAIM OF WEST COAST REALTY | 1.00 | 390 | 390.00 |

Recap of Time for Task:

| | | | | | |
|---|---|---|---|---|---|
| **KRG** | **KAREN R. GOODMAN** | | **1.50** | **390** | **$ 585.00** |
| | **TOTAL TIME VALUE FOR TASK:** | | **1.50** | **390** | **$ 585.00** |

**TIME VALUE TOTAL:**                                **$7,665.50**